COURT OF APPEALS
DECISION
DATED AND FILED

September 17, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP503**

STATE OF WISCONSIN

Cir. Ct. No. 2022TR8338

IN COURT OF APPEALS
DISTRICT I

VILLAGE OF GREENDALE,

     PLAINTIFF-RESPONDENT,

  V.

STACEY KING,

     DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Affirmed*.

¶1 WHITE, C.J.[1] Stacy King, *pro se*, appeals a judgment, entered upon a jury's verdict, convicting her of operating a vehicle while intoxicated, as a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

first offense, contrary to WIS. STAT. § 346.63(1)(a).  King argues that the statute of limitations had expired, that the circuit court based its rulings on bias against King instead of on the relevant law, and that the field sobriety test should not have been presented to the jury.  We affirm the judgment of the circuit court.

## BACKGROUND[2]

¶2      On March 15, 2020, Village of Greendale Police Officer Marcus Hudson observed King make an illegal U-turn, deviate from her lane twice, and stop twice in the middle of a highway.  When Officer Hudson pulled King over he observed that King was slurring her words, her eyes were red and bloodshot, she was confused as to where she was and where she lived, and she smelled like alcohol.  Officer Hudson then administered a field sobriety test (FST) and preliminary breath test, both of which indicated that King was intoxicated.

¶3      Officer Hudson then placed King under arrest and brought her back to the police station.  King initially refused to give a breath sample for a breath test.  King then changed her mind and agreed to the test, but provided five insufficient breath samples constituting a separate refusal to take the test.  *See* WIS. STAT. § 343.305(6)(c)(3).  King was issued five citations for performing an illegal U-turn, stopping on a highway, deviating from the lane, refusing to take a breath test, and operating a vehicle while intoxicated.

¶4      King pled not guilty and demanded a jury trial.  On February 28, 2022, her case was transferred from the Village of Greendale municipal court to

---

[2] Due to the nature of the record before us, the underlying background facts are primarily drawn from the Village's pretrial report.  *See **Fiumefreddo v. McLean***, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993) ("We are bound by the record as it comes to us.")

the Milwaukee County Circuit Court. The jury trial was held from March 20 to March 21, 2023. Ultimately, the jury returned a guilty verdict and the circuit court entered the judgment of conviction.

¶5 King appeals from the judgment of conviction only for operating a vehicle while intoxicated.

## DISCUSSION

¶6 King argues that her case should have been dismissed because the statute of limitations had expired when the circuit court failed to hold a jury trial within the requisite time period. We disagree. WISCONSIN STAT. § 893.93(2)(b)[3] plainly requires an action to be "commenced within [two] years." It does not require an action to be resolved within two years. "In municipal court, ordinance violation cases are commenced when the complaint or citation is filed with or transmitted to the court." WIS. STAT. § 800.01(1). King was issued a citation for operating a vehicle while intoxicated on March 15, 2020. The record is unclear as to precisely when this action was commenced; however, this case was transferred to the circuit court for a jury trial on February 28, 2022—still within the two year period—which necessitates that it was commenced prior to that date. Therefore, the statute of limitations does not bar this action.

¶7 King also argues that the circuit court's rulings were based on bias against King and that the FST should not have been presented to the jury.

---

[3] WISCONSIN STAT. § 893.93(2) relevantly provides, "The following actions shall be commenced within [two] years after the cause of action accrues or be barred: … (b) An action to recover a forfeiture or penalty imposed by any … ordinance … of any … village … when no other limitation is prescribed by law."

3

However, King's arguments are entirely conclusory and not supported by legal reasoning or references to the record. King only states that the circuit court showed bias by agreeing with the prosecutor during jury selection, that the circuit court prevented King from arguing that her diabetes contributed to her arrest, and that the FST was "illegal evidence." This court will not abandon its neutrality to develop King's conclusory statements into arguments for her. *See Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida County*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605; *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

¶8      Furthermore, we are unable to address King's arguments because King failed to submit the relevant trial and hearing transcripts showing what the circuit court did and why.[4]  "We are bound by the record as it comes to us." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). "It is the appellant's responsibility to ensure completion of the appellate record and when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted); s*ee* WIS. STAT. RULE 809.11(4); *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (recognizing that while courts may offer some leniency to *pro se* appellants, "[*p*]*ro se* appellants must satisfy all procedural requirements, unless those requirements are waived by

---

[4] This court previously extended King's time to file a statement on transcript and warned her that if she failed to file the statement that the appeal would proceed without the benefit of transcripts. Ultimately, King never filed a compliant statement on transcript.

the court."). Accordingly, we assume the record supports the circuit court's rulings.

**CONCLUSION**

¶9  We conclude that the statute of limitations does not bar this action and that King's remaining arguments are undeveloped and unsupported by the record before us. Therefore, we affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.